# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-4761

Lonnie G. Watson, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

Before HAGEL, *Judge*.

# O R D E R

*Note:  Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

On December 14, 2009, Lonnie G. Watson, who is self-represented, submitted a letter to the Clerk of the Court inquiring as to the status of a claim that the Court had remanded to the Board of Veterans' Appeals (Board) on June 30, 2009.  The Court interpreted Mr. Watson's letter as a petition for extraordinary relief.  On January 25, 2010, Mr. Watson submitted a motion to withdraw his petition.  In his motion to withdraw, Mr. Watson requested that the Court inform him how long it would take the Board to process his claim based on the Court's June 2009 remand order.

In Mr. Watson's January 25, 2010, request to withdraw his petition, he uses the term "Veterans Law Judge" to refer to both a Board member and a Judge of this court.  It is important that Mr. Watson understand that this Court is an independent Federal Court.  38 U.S.C. § 7251.  The Court is not part of VA, and it is wholly separate from VA and the Board.  The Board is that part of VA that acts on behalf of the Secretary to consider disagreements from claimants that are registered after regional office decisions.  38 U.S.C. §§ 7101(a), 7104(a).  It is also important to make clear that Judges of this Court are not the same as members of the Board.  Congress provided the title "member" to those individuals assigned to adjudicate appeals for the Secretary.  38 U.S.C. § 7101A(a)(1).  However, in 2000, VA issued a regulation permitting, but not requiring,  members of the Board to adopt the title "veterans law judge."  38 C.F.R. § 19.2 (2000); *see* 66 Fed. Reg. 13437.  A Judge of this Court is nominated and appointed by the President and confirmed by the United States Senate.  38 U.S.C. § 7253(b).  A member of the Board is nominated and appointed by

the *Secretary* with the approval of the President.[1]  38 U.S.C. § 7101A(a)(1).  In short, a "veterans law judge" is an employee of VA, while a Judge of this Court is not.[2]

Because, as described above, the Court is not a part of VA, it cannot provide any information as to how long it will take the Board to process Mr. Watson's appeal.  Without any comment regarding the Board's action, the Court notes, however, that VA regulations permit those who have appealed to the Board to submit to the Board a request to advance their case on the docket for certain reasons.  *See* 38 C.F.R. § 20.900(c)(i).  Specifically, that regulation provides that a motion for earlier consideration may be granted if the appellant is "under severe financial hardship." *Id.*

Upon consideration of the foregoing, it is

ORDERED that Mr. Watson's motion to withdraw is GRANTED and his December 14, 2009, petition for extraordinary relief is DISMISSED.

DATED: March 1, 2010                                          BY THE COURT:

                                                                           /s/ Lawrence B. Hagel

                                                                           LAWRENCE B. HAGEL
                                                                           Judge

Copies to:

Lonnie G. Watson

VA General Counsel (027)

---

[1]Additionally, individuals may be designated as "acting members of the Board" not subject to any formal nominating procedures.  38 U.S.C. § 7101(c)(1)(A).

[2]One further distinction is that Board members are not provided the same independence as appointed and confirmed Federal Judges, who may only be removed by impeachment or by special order of the President, depending on the statute creating the Court.  Board members' performances are reviewed at least every three years by a three-person panel comprised of the Chairman and two Board members who are chosen by the Chairman.  38 U.S.C. §§ 7101A(c)(1)(A), (B).  The Chairman establishes the standards for Board members' performances.  38 U.S.C. § 7101A(f).